# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVE ROSE, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-813** |
| **COMPUTER SCIENCES CORPORATION** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is Defendant Computer Science Corporation's **Motion to Compel Plaintiffs' Discovery Responses (R. Doc. 57)** seeking an order of the Court to compel twenty-six (26) Plaintiffs to provided responses to the Defendant's first and second round of discovery requests that have been pending since August 12, 2016 and December 5, 2016, respectively. The motion is opposed. R. Doc. 63. For the following reasons, the motion is **GRANTED.**

## I.     Background

This diversity action was filed in the District Court on March 13, 2015. R. Doc. 1. In the initial complaint, sixty-six (66) individual Plaintiffs filed suit against Computer Sciences Corporation ("CSC") for breaching their employment contracts. *Id.* In particular, the Plaintiffs allege that in 2006 CSC received a number of contracts with the Department of Defense to provide services in Kuwait and Afghanistan, including the installation and repair of electronic jamming devices on military combat vehicles. R. Doc. 1, p. 5. To perform those contracts, CSC allegedly recruited a number of United States citizens to work overseas. *Id.* When CSCS offered an individual a job, it would send an offer letter and a "Foreign Travel" letter. *Id.* The offer letter quoted a salary of about $65,000—which the Plaintiffs allege amounted to less than $15 an hour as they worked eighty-four (84) hours per week—and the Foreign Travel letter described fringe benefits including certain discretionary payments. *Id.*

Allegedly, in 2009, CSC changed its offer letter to include an hourly rate that averaged $32 an hour and a quoted annualized amount of the hourly rate multiplied by 2080—or forty (40) hours for fifty-two (52) weeks a year. However, CSC allegedly still required its employees to work eighty-four (84) hours per week. Again in 2010, CSC changed its offer letter to remove any reference to an annualized amount. *Id.*

The Plaintiffs allege that CSC never intended to pay the quoted annual rate for all hours work. *Id.* at p. 6. Rather, the Plaintiffs argue that CSC paid the flat annualized amount based on a forty-hour week while requiring the Plaintiffs to work eighty-four-hour weeks. *Id.* As such, CSC allegedly paid the Plaintiffs less than half of the agreed rate. *Id.* As such, the Plaintiffs filed the instant action seeking damages based on the agreed hourly rate for all hours worked; a statutory penalty of 90 days wages under Louisiana Revised Statute § 23:631; and reasonable legal fees and prejudgment interest. *Id.* at p. 7.

On July 30, 2015, an additional fourteen (14) Plaintiffs joined the lawsuit. R. Doc. 15. Another thirty-one (31) Plaintiffs joined on September 12, 2016. R. Doc. 35. As of January 25, 2017, ninety-five (95) Plaintiffs remained in the case.

At this time, CSC has filed a motion to compel discovery responses from twenty-six (26) of the Plaintiffs who have not yet responded to discovery requests propounded on them. R. Doc. 57-1, p. 4. CSC states that has conferenced with Plaintiffs' counsel about the missing discovery, including as recently as April 19, 2017 following an order from the District Court to do so. *See* R. Doc. 55. CSC argues that following an extended deadline of April 28, 2017 counsel for CSC and the Plaintiffs agreed in principle to dismiss all Plaintiffs' who failed to provide complete responses to the discovery request by May 20, 217. R. Doc. 57-1, p. 5-6. However, the Parties were unable to agree on the specific terms. *Id.* at p. 6. As such, CSC filed the instant motion to compel. In

addition seeking to compel discovery responses by a date certain, CSC requests that the Court dismiss with prejudice those Plaintiffs that fail to comply with the Court's order. CSC also seeks an award of fees in connection with the instant motion.

The Plaintiffs have responded to the motion. R. Doc. 63. The Plaintiffs argue that there has been difficulty responding because of logistics given that all of the Plaintiffs worked for CSC overseas and that many of the Plaintiffs still work overseas for other military contractors. Plaintiffs argue that they do not oppose the motion to compel discovery responses. Rather, the Plaintiffs' counsel argues that—while he has become somewhat frustrated in an inability to hear from some Plaintiffs and agrees to dismiss Plaintiffs that do no eventually respond—any dismissal should be without prejudice.

## II.     Standard of Review

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an

interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

Note, if the motion is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court will not order payment if the opposing party's nondisclosure was "substantially justified" or circumstances make the award unjust. *Id*.

III.    **Analysis**

For the instant motions to compel, CSC argues that a number of Plaintiffs have failed to properly respond to its interrogatories and requests for production of documents. R. Doc. 57.CSC has conferred with the Plaintiffs as required under Rule 37(a). At this time, the Plaintiffs have not yet responded to the discovery requests or provided their initial disclosures and do not oppose the motion to compel. Therefore, the Court grants the CSC's motion to compel. Additionally, the Court will require responses to be delivered no later than May 30, 2017, which appears agreeable to all Parties. R. Doc. 59; R. Doc. 61.

Moreover, because the motion to compel will be been granted, the Court may impose reasonable expenses in making the instant motion to compel on the Plaintiffs as CSC has requested. Fed. R. Civ. P. 37(a)(5)(A). However, the Court does not find that the circumstances here warrant

an award of fees. It appears that Plaintiffs' counsel has been diligent in working to respond to the discovery requests and supply those responses from the Plaintiffs that he has received—which given the number of Plaintiffs is no small task. Moreover, the Plaintiffs' appear to be attempting to work with the CSC to resolve the discovery issues and advance the litigation. As such, the Court denies the request for fees.

Finally, the Court denies the motion to the extent that CSC seek an order dismissing with prejudice those Plaintiffs that do not respond by this order's deadline. To contemplate dismissal of Plaintiffs at this time strikes the Court as premature. The Plaintiffs should be given an opportunity to follow this Court's order. And, if the Plaintiffs still do not respond, then CSC may file a motion seeking appropriate sanctions for violating this Court's order or the Plaintiffs may voluntarily seek a dismissal order.

## IV.  Conclusion

Accordingly,

 **IT IS ORDERED** that the Defendant's **Motion to Compel Plaintiffs' Discovery Responses (R. Doc. 57)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that the Plaintiffs must reply to the Defendant's discovery request **no later than May 30, 2017.**

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent that the Defendant seeks an award of attorneys' fees.

New Orleans, Louisiana, this 25th day of May 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**