UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVE ROSE, et al | CIVIL ACTION |
| VERSUS | NO. 15-813 |
| COMPUTER SCIENCES CORPORATION | SECTION "E" (4) |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed by Defendant Computer Sciences Corporation ("CSC").[1] The motion is unopposed.[2] For the following reasons, the motion for partial summary judgment is **GRANTED**.

## BACKGROUND

This case involves 95 Plaintiffs who have brought suit against CSC seeking unpaid wages pursuant to the terms of an offer letter they executed in connection with their voluntary deployment in Southwest Asia. The Plaintiffs provided support services to the United States Department of Defense in support of the CREW task order 009.[3] The Plaintiffs also executed a Foreign Travel Letter ("FTL") that governed the terms of their employment. The offer letters quoted a salary of approximately $65,000, which amounts to about $15 per hour based on the requirement that employees work 84 hours per week.[4] The FTL described fringe benefits, such as discretionary pay for "uplifts" for hardships

---

[1] R. Doc. 47.
[2] R. Doc. 67.
[3] R. Doc. 47-2 at 1.
[4] R. Doc. 1 at 5.

and danger pay.[5] The FTLs further provided that Plaintiffs' "base weekly salary would not change" as a result of their assignment.

The Plaintiffs contend they were paid a salary that provided less compensation than they would have received if paid their hourly rate for all hours worked. The Plaintiffs seek unpaid wages at the hourly rate stated in their respective offer letters for all hours worked and for statutory penalties and legal fees pursuant to Louisiana Revised Statutes section 23:631.[6]

On March 13, 2015, 66 plaintiffs filed suit alleging CSC breached their respective employment contracts by failing to pay them for every hour that they worked pursuant to the hourly rates that were provided in their offer letters.[7] The Plaintiffs amended their complaint on July 30, 2015 to add 14 new plaintiffs.[8] On September 12, 2016, the Plaintiffs filed their second amended complaint, adding 31 new plaintiffs to the suit.[9]

On March 27, 2017, CSC filed its motion for partial summary judgment, seeking dismissal with prejudice of those of the Plaintiff's whose claims have prescribed under Louisiana Civil Code article 3494.[10] The Plaintiffs do not oppose CSC's motion for partial summary judgment, but urge the Court to dismiss the prescribed claims without prejudice so that the claims may be refiled in Virginia, where the statute of limitations period is more favorable.

---

[5] *Id.*
[6] *Id.* at ¶¶ 39–41.
[7] R. Doc. 1.
[8] R. Doc. 15.
[9] R. Doc. 35. The Plaintiffs voluntarily dismissed 16 plaintiffs because the offer letters for those plaintiffs stated they would be paid on a salary basis. R. Docs. 37, 40. On January 25, 2017, the Plaintiffs filed their Third Amended Complaint, alleging the same causes of action on behalf of the 95 remaining plaintiffs. R. Doc. 41.
[10] R. Doc. 47.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "An issue is material if its resolution could affect the outcome of the action."[12] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[13] All reasonable inferences are drawn in favor of the nonmoving party.[14] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[15]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[16] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[17]

---

[11] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[12] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[14] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[15] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[16] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[17] *Celotex*, 477 U.S. at 322–24.

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[18] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[19] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[20] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[21] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce

---

[18] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[19] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[20] *Celotex*, 477 U.S. at 332–33.
[21] *Id.*

additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[22] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[23]

## LAW AND ANALYSIS

CSC seeks summary judgment on those of the Plaintiffs' unpaid wages claims that have prescribed under Louisiana Civil Code article 3494.[24] Article 3494 provides for a three-year liberative prescription period for "[a]n action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board."[25]

There are no facts in dispute. Further, the Plaintiffs do not contest that the three-year liberative prescriptive period pursuant to article 3494 applies in this case, or that a number of the Plaintiff's claims have prescribed under Louisiana law.[26] Instead, the

---

[22] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[23] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.
[24] R. Doc. 47-1.
[25] LA. CIV. CODE art. 3494. Louisiana law provides that even if claims are subject to the three-year prescriptive bar, a case may nonetheless proceed in Louisiana when the substantive law of another state would be applicable on the merits if (1) "it would not be barred in the state whose law would be applicable to the merits," and (2) "maintenance of the action in this state is warranted by compelling considerations of remedial justice." LA. CIV. CODE art. 3549(B)(1). Louisiana courts only find "compelling considerations of remedial justice" to exist in "the most extraordinary circumstances." *Henry v. Duane Morris, LLP*, 210 Fed. App'x 356 at 358 (5th Cir. 2006). "In cases where plaintiffs have litigated their claims in Louisiana by choice, not by necessity, claims of 'compelling considerations' warranting maintenance of the suit in Louisiana have been consistently rejected." *Id.* at 359. The Plaintiffs admit such "compelling considerations" do not exist in this case, and as a result, article 3549(B)(1) is inapplicable. R. Doc. 67 at 3.
[26] R. Doc. 67.

Plaintiffs request the prescribed claims be dismissed *without prejudice* to "reduce any complication with [the Plaintiffs] refiling dismissed claims in Virginia."[27]

In support of their argument that the prescribed claims should be dismissed without prejudice, the Plaintiffs cite *Seagrave v. Delta Airlines, Inc.*[28] In *Seagrave*, the district count found that Louisiana's prescriptive period barred the plaintiff's claim in Louisiana, and then transferred the case to Virginia, which had a prescriptive period that had not yet expired.[29] The court in *Seagrave* reasoned dismissal was not "in the interests of justice, as it might create prescriptive problems for the plaintiff in Virginia, and it is plain that the suit could have been filed in Virginia."[30] The *Seagrave* court "recognize[d] that Louisiana Civil Code article 3459 contemplates the dismissal of the action," but found that "a transfer comport[ed] with both the directive of article 3549 and the interests of justice."[31]

The Plaintiffs in this case ask the Court to rely on *Seagrave*'s rationale that Louisiana has a "strong policy of providing remedies to tortiously injured plaintiffs and deterring wrongful conduct,"[32] and dismiss the prescribed claims without prejudice so that the Plaintiffs may pursue their claims in Virginia.[33]

---

[27] R. Doc. 67 at 3. The Plaintiff notes they do not seek to transfer the dismissed claims to Virginia pursuant to 28 U.S.C. § 1404(a). If this Court transferred the Plaintiffs' cause of action to Virginia, a Virginia district court would be bound to apply Louisiana's article 3494, which would ultimately lead to the same result—dismissal of the Plaintiffs' claims. This solution is inefficient and inequitable to the courts and the parties.
[28] 848 F. Supp. 82 (E.D. La. April 6, 1994).
[29] *Id.*
[30] *Id.* at 85–86.
[31] *Id.*
[32] *Id.*
[33] R. Doc. 67.

The Plaintiffs' reliance on *Seagrave* is misplaced, as *Seagrave* has been explicitly rejected by the Fifth Circuit.[34] In *Tigert v. American Airlines Inc.*, the Fifth Circuit "decline[d] to adopt the approach used in *Seagrave*, a non-precedential district court decision, and instead affirm[ed] the district court's decision not to transfer [the plaintiff's] case . . . ."[35] The *Tigert* court also expressly affirmed the dismissal *with prejudice* of the plaintiff's prescribed claims.[36]

In *Tigert*, the plaintiff appealed the dismissal with prejudice of her negligence suit as time-barred under Louisiana's laws on liberative prescription.[37] The *Tigert* plaintiff argued the district court should have transferred her case to an appropriate federal court in California, or alternatively, should have dismissed the case without prejudice so that she could pursue her action in California and escape Louisiana's time bar.[38] The Fifth Circuit affirmed the district court's refusal to transfer the plaintiff's action to California, because a California transferee district court would have been bound to apply Louisiana's law with respect to the prescriptive period.[39] The *Tigert* court further found that the district court's dismissal of the plaintiff's claims with prejudice was not error.

The fact that the Plaintiffs' claims before this Court have prescribed under Louisiana law precludes this Court from hearing the claims. However, the "expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the

---

[34] Further, the Court notes that the issue in this case—whether the Plaintiffs' prescribed claims should be dismissed with or without prejudice—was not before the *Seagrave* court.
[35] 390 Fed. App'x 357, 362 (5th Cir. 2010).
[36] *Id.* at 363.
[37] *Id.* at 358.
[38] *Id.* at 359. The plaintiff sought to take advantage of California's two-year prescriptive period because her negligence claim was barred under Louisiana's one-year prescriptive period. *Id.*
[39] *Id.* at 361.

substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods."[40] The *Tigert* court held "a dismissal with prejudice does not necessarily bar a plaintiff from filing again in another jurisdiction."[41] Thus, the dismissal with prejudice of the Plaintiffs' claims does not necessarily bar the Plaintiffs from seeking relief in Virginia.[42] In the event the Plaintiffs refile their claims in Virginia, a Virginia district court will determine whether this Court's dismissal on grounds of Louisiana's prescriptive period bars refiling in Virginia.

The United States Supreme Court has held "[t]he primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequences of not barring the claim from other courts, but its primary meaning relates to the dismissing court itself."[43] Black's Law Dictionary defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim"[44] and "dismissal without prejudice" as a "dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period."[45] The Plaintiffs in this case are indeed barred from refiling their claims in this Court within the applicable limitations period, as the limitations period has already expired. Further, Louisiana courts consistently dismiss claims *with*

---

[40] *Id.* at 504.
[41] *Id.* at 362 (citing *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001)).
[42] *Tigert*, 390 Fed. App'x at 362 (finding that "the district court's designation of its dismissal as with or without prejudice is immaterial" to the question of whether a plaintiff may seek relief for prescribed claims in another district court).
[43] *Semtek*, 531 U.S. at 505.
[44] BLACK'S LAW DICTIONARY (10th ed. 2014).
[45] *Id.*

8

*prejudice* when the dismissal is on the basis of prescription.[46] Therefore, the Plaintiffs' prescribed claims must be dismissed with prejudice.[47]

Accordingly,

## CONCLUSION

**IT IS ORDERED** that the motion for partial summary judgment filed by Computer Sciences Corporation is **GRANTED**. The Plaintiffs' prescribed claims are dismissed with prejudice.

**New Orleans, Louisiana, this 7th day of July, 2017.**

                                        *Susie Morgan*
                                 **SUSIE MORGAN**
                      **UNITED STATES DISTRICT JUDGE**

---

[46] *See, e.g.*, *Sours v. Kneipp*, 923 So. 2d 981, 983 ("A judgment sustaining an exception of prescription is not a mere interlocutory judgment deciding preliminary matters, but a final judgment on the merits that terminates the action with prejudice."); *Paradise Village Children's Home, Inc. v. Liggins*, 886 So. 2d 562, 569 (La. Ct. App. 2 Cir. 10/13/04) (noting that Louisiana courts have held that dismissals based on prescription are final judgments for purposes of res judicata).

[47] The Court notes that if the Plaintiffs' prescribed claims were dismissed without prejudice, CSC would suffer clear legal prejudice—loss of its prescription defense.